# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRUCE JOHNSON, ) <br> ) <br> Defendant. ) <br> _____ ) | 2:10-cr-583-RLH-GWF <br><br> **O R D E R** <br> (Motion to Correct–#45) |

Defendant Johnson has filed a Motion to Vacate, Set Aside or Correct Sentence, Pursuant to 28 U.S.C. §2255 (#45, filed July 11, 2012).

Johnson contends that his sentence violates the Constitution because he was charged, and pled guilty to, distribution of crack cocaine and sentenced under the 100-to-1 mandatory minimum triggering the 10-year minimum sentence for 43 grams of crack cocaine, which was changed by the Fair Sentencing Act of 2010 to a 18-to-1 ratio.

Even if true, his contention is irrelevant to his sentence. Changing the ratio would not affect his sentence. His sentence was driven by the fact that he qualified as a career offender under the Career Criminal Act. Thus, because he was a career criminal, his Adjusted Offense Level, his Base Offense Level for the crack cocaine was required to be increased to 34. Thus, changing the Base Offense Level for the distribution of crack cocaine, to a lesser number, would not change the Adjusted Offense Level or his sentence.

/ / /

Furthermore, although the career criminal enhancement established his Sentencing Guideline range to 188-235 months, he was sentenced, on August 24, 2011, to a lesser sentence of 160 months.

Accordingly, because his career criminal status drove his sentence, it was not "imposed in violation of the Fair Sentencing Act of 2010."

IT IS THEREFORE ORDERED that Defendant Johnson's Motion to Vacate, Set Aside or Correct Sentence, Pursuant to 28 U.S.C. §2255 (#45) is DENIED.

Dated: July 20, 2012.

_____
**Roger L. Hunt**
**United States District Judge**